Alfredo Molina, Plaintiff and Appellant, *v.* Antonio Roig, Defendant and Appellee.

No. 5205. Argued November 12, 1930.—Decided November 17, 1930.

*Campos & Romero* and *S. García Díaz* for appellant. *González Fagundo & González Jr.*, for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Alfredo Molina brought an action against Antonio Roig to recover the sum of five thousand dollars for services rendered. In the complaint he alleged as follows:

"First. That the plaintiff is of age and a resident of Río Piedras, and the defendant is of age and a resident of Humacao.

"Second. That prior to September, 1928, Mr. Roig had in mind to establish a branch of the Roig Commercial Bank in Río Piedras.

"Third. That with that purpose in view, on Sunday, October 21, 1928, in the office of Mr. Roig in Humacao and in the presence of Mr. Esteban Padilla, who at the request of Mr. Roig had theretofore been promoting the establishment of such a branch bank in Río Piedras, said Mr. Roig, owing to the inability of Mr. Padilla to continue the task which had been thus intrusted to him, authorized and commissioned the plaintiff to take the proper steps in furtherance of the indicated project and to get in touch with merchants and property-owners in Río Piedras in order to interest as many of them as possible in patronizing the idea of the establishment by Mr. Roig of a branch of the said bank in Río Piedras and in subscribing to stock in the same.

"Fourth. That pursuant to the said authorization, which Mr. Roig confirmed by a letter, and with the understanding that any services rendered would be compensated by Mr. Roig, the value of which was not agreed upon beforehand, the plaintiff took up the work after office-hours and devoted the evening of every working day, Saturday afternoons, and the whole day and part of the night on Sundays, to interviewing business men and financially responsible individuals in the towns of Río Piedras and Carolina, conferring with them in regard to the proposed business and enlisting their financial and personal co-operation in the establishment of the Roig Bank in Río Piedras.

"Fifth. That as a result of the work performed by the plaintiff, the defendant Roig was enabled to explain at length the proposed business and to set forth the advantages to be derived from its establishment at a meeting of gentlemen from Río Piedras and Carolina held at the home of the plaintiff in Río Piedras.

"Sixth. That, at the request of the defendant, the plaintiff secured a suitable site in a convenient and appropriate location for the establishment of the office and branch of the Roig Commercial Bank in Río Piedras; and in addition he put Mr. Roig in touch with responsible advisers of good reputation with whom Mr. Roig consulted and whose advice, warnings, and observations showed the advantages of establishing the branch bank and the certainty of its success; and that as a result of the efforts made and the work performed by the plaintiff, the defendant secured a lease with an option

to purchase from the owner of the house in Río Piedras where the bank has been established, from which contract the defendant has derived benefits valued at five thousand dollars ($5,000).

"Seventh. That the plaintiff obtained assurances and formal promises of subscription to the stock of the bank from many persons, who actually purchased stock and promised to buy more as soon as the bank was in operation.

"Eighth. That the bank is at present functioning and doing the ordinary operations proper of a banking institution, after the work performed by the plaintiff at the request of the defendant as above stated.

"Ninth. That according to local usage and custom, services of the character of those rendered by the plaintiff in connection with the establishment of the branch of the Roig Commercial Bank are remunerative; and that, after the defendant had accepted the said services and received the benefits thereof, the said defendant refused to pay to the plaintiff the due compensation demanded by the latter.

"That the said services rendered by the plaintiff to the defendant are worth at least five thousand dollars ($5,000)."

The defendant, upon being summoned, interposed a demurrer for lack of facts sufficient to constitute a cause of action.

The court sustained the demurrer and granted the plaintiff leave to amend.

The plaintiff declined to amend and moved for judgment, which was rendered dismissing the complaint, with costs.

Thereupon the plaintiff took the present appeal.

In his brief the defendant and appellee maintains that, according to the complaint, the questions involved are the efforts made by the plaintiff to get people to buy stock in the Roig Commercial Bank, the finding of a suitable location, and the final establishment of a branch of the bank in Río Piedras, it being evident that at the time of the establishment of the branch the said bank already existed and had been incorporated, since according to Act No. 18, approved September 10, 1923 (Session Laws (2)), no bank can function unless it is incorporated in compliance with that act; and

he further maintains that it clearly appears from the alleged facts that if the defendant engaged the services of the plaintiff for the establishment of the branch, he did so in the name and on behalf of the Roig Commercial Bank, but not in his own name, as he could not establish any bank in Río Piedras.

To our mind, it is not necessary to ascertain whether the action ought to have been brought against Roig personally or against the Roig Commercial Bank. From the facts alleged no cause of action appears.

If the contract entered into is considered as an agency, then under the express provisions of the law it must be held to be gratuitous.

Section 1613 of the Civil Code prescribes that "In the absence of an agreement to the contrary, the agency is presumed to be gratuitous."

The facts alleged in the fourth paragraph of the complaint can not be considered as the agreement required by law. It is not sufficient to state that the plaintiff had acted with the understanding "that any services rendered would be compensated by Mr. Roig." He should have stated what was agreed upon by Roig. Nor are the allegations of the ninth paragraph in reference to the local usage and customary practice sufficient. In order that the obligation to compensate him could be presumed, in accordance with the second paragraph of section 1613 of the Civil Code, it would be necessary for the plaintiff to allege that his occupation was the performance of services of the kind to which the agency related, and such allegation is absent from the complaint.

If the contract is considered, as urged by the plaintiff and appellant, as a lease of services, then it is still more necessary to allege an agreement to pay compensation, since section 1447 of the Civil Code specifically provides that "In a lease of work or services, one of the parties binds himself to execute

a work or to render a service to the other *for a specified price.*" (Italics ours.)

In *Ortiz* v. *Mari,* 31 P.R.R. 476, a case which is extremely favorable to a plaintiff who claims compensation for services rendered, it was said:

"We cannot agree with the appellant that the counter-complaint in this case depends exclusively on a *quantum meruit.* Paragraph 2 thereof sets up that the parties agreed on a certain percentage of the profits, which was to be determined later between the parties according to the usages and customs of the country. We agree that this was a bit indefinite, but there was a distinct agreement for remuneration."

Mention was made therein of the local usages and customs, but it was for the purpose of considering the reasonableness of the *quantum meruit.* The opinion concludes as follows:

"On the whole record we find that the appellee rendered the most signal services, for which the amount of five percent should be considered reasonable, equitable and as found by the court below, according to the customs of the country."

Regarding the imposition of costs complained of by the appellant, as no abuse of discretion has been shown on the part of the trial court in imposing them, we can not disturb that pronouncement.

Really, it is hard for a person who works for another in the manner stated in the complaint to go without remuneration for his work, and that he should even be made to pay the costs of his claim; but the statutory provisions are so clear that he can not complain of being deceived in that respect. In business one should be wary, and the plaintiff should not have undertaken to do any work for the defendant, in a line which was not his profession, trade or occupation, without an agreement as to his compensation, if it was his intention to charge for his services.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.